JAMES FERRY v. STATE.

169 N. W. (2d) 398.

July 3, 1969—No. 41478.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Assistant State Public Defender, for appellant.

Douglas M. Head, Attorney General, Richard H. Kyle, Solicitor General, J. Dennis O'Brien, Special Assistant Attorney General, and Allan Swen Anderson, County Attorney, for respondent.

Heard before Nelson, Murphy, Otis, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was charged with simple arson in violation of Minn. St. 609.565 and pled not guilty. He was granted a preliminary hearing and thereafter a hearing on his motion to suppress oral and written confessions. The trial court held that the confessions were voluntary and therefore admissible in evidence.

Thereafter, defendant pled guilty and was sentenced according to law. After the time to appeal had elapsed, defendant petitioned for a postconviction hearing, alleging he was induced to plead guilty under the misapprehension his confessions were admissible, whereas in fact they were not. The trial court conducted a hearing and entered an order denying the petition. In so doing, the court held that defendant was at all times represented by able and competent counsel and had a full understanding of his rights, including the right to a jury trial with the presumption of innocence. The court further held that the plea of guilty was entered voluntarily without coercion or inducement after defendant had acknowledged an understanding of the possible sentence and had expressed satisfaction with the representation afforded by counsel. The court noted that counsel had spent an unusual amount of time with defendant reviewing the law and conferring with the public defenders, and had discharged his duties diligently.

We are in accord with the findings of the trial court. Whether or not the confessions were admissible we need not decide. It is clear from this record they did not induce the plea of guilty. On the contrary, it

is obvious that the plea was entered because defendant had in fact committed the crime. At the presentence examination conducted by the trial court, defendant testified that on March 20, 1966, he entered a clothing store which he operated in Granite Falls, lit a match, and ignited a wastebasket or box with papers in it. He assigned as his reason for starting the fire the fact that he was in financial difficulty and wished to get out of the business. The amount of insurance on the property approximated the amount of his debts.

In defendant's presence, at the time of sentencing his attorney made a plea for leniency. He stated to the court that defendant was not qualified to conduct the business he was in and that in a moment of despair he burned up the merchandise to collect the insurance.

Where, as here, defendant is represented by competent counsel who has advised him of his right to move for the suppression of evidence and has invoked that right, we cannot say as a matter of law that defendant was induced to plead guilty because he misapprehended the admissibility of evidence he sought to suppress. It may be assumed defendant was aware of his right to appellate review of any conviction obtained by inadmissible evidence. We are not persuaded that his motives for entering a plea were other than to acknowledge his guilt.

Affirmed.